**No. 48151.**—Protests 18185–K, etc., of Wm. Shaland (New York).

Opinion by TILSON, J. The electric Christmas wreaths in question, stipulated to be similar to those the subject of *United States* v. *Minami* (29 C. C. P. A. 169, C. A. D. 188), were held dutiable at 35 percent under paragraph 353 as articles having as an essential feature an electrical element or device, such as signs. Protests sustained to this extent.

**No. 48152.**—Protest 81714–K of M. Pressner & Co. (New York).

Opinion by TILSON, J. Three samples of the imported pencil sharpeners were analyzed by the Government chemist. His report showed the lead content to be 76.1, 77.0, and 76.8 percent, respectively. The examiner under whose supervision the merchandise was passed testified "that lead is the component of chief value." The pencil sharpeners were therefore held dutiable at 3 cents per pound, but not less than 22½ nor more than 45 percent ad valorem, under the provision for "articles or wares not specially provided for, if composed wholly or in chief value of lead, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether wholly or partly manufactured" in paragraph 397 as amended by the United Kingdom Trade Agreement (T. D. 49753). The protest was sustained to this extent.

## MARCH 24, 1943

**No. 48153.**— —Protest 44027–K of C. J. Tower & Sons. Government's application for rehearing denied.

BEFORE THE FIRST DIVISION, MARCH 31, 1943

**No. 48154.**—Protests 5013–K, etc., of General Aniline Works, Inc. (New York).

Opinion by COLE, J. It was stipulated that the merchandise in question is the same in all material respects as the amido azo benzol disulfonic acid passed upon in *General Aniline Works* v. *United States* (C. D. 600). The record in said case was incorporated herein. On the stipulated facts the claim at 7 cents per pound and 40 percent ad valorem under paragraph 27 was sustained.